\*DANIEL LYNCH V. STATE OF OHIO.

1. AFFIDAVIT NOT REQUIRED TO STATE TERMINI OF PERIOD IN WHICH ILLEGAL KEEP-ING OF PLACE IS CHARGED.

An affidavit charging the keeping of a place where intoxicating liquors were, on a designated day, sold, furnished or given away in **violation of** law is sufficient to sustain a prosecution for the violation of Sec. 6942 Rev. Stat. as amended by act 99 O. L. 35; the gravamen of the offense being the keeping of a place, it is not necessary to state the dates from which and to which the alleged keeping a place in violation of law is averred.

2. ONE UNLAWFUL SALE PROVEN, SUFFICIENT TO SUSTAIN CONVICTION.

A conviction for keeping a place where intoxicating liquors are sold, etc., contrary to law, is sufficient if sustained by proof of one unlawful sale.

3. CHARGING GENERAL VIOLATION OF INTOXICATING LAWS SUFFICIENT.

An affidavit averring unlawful sale of intoxicating liquors, and proof of any unlawful sale are sufficient to sustain a prosecution for violation of the liquor laws; it is not necessary to aver a particular statutory violation.

4. PROOF OF CERTIFIED COPY OF LOCAL OPTION ELECTION TO MAKE PRIMA FACIE CASE NOT EXCLUSIVE EVIDENCE.

Section 1 of act 99 O. L. 35, the Rose local option law, making a certified copy of the result of a local option election sufficient proof thereof, is not exclusive; any competent evidence may be offered to sustain a prosecution for a violation of the act.

5. EVIDENCE OF CHIEF OF POLICE TELLING WHERE OFFICER OBTAINED LIQUOR IS SUFFICIENT.

The admission of testimony of a chief of police merely stating "that a police officer told him where he got intoxicating liquors in dry territory" is not prejudicial error.

[Syllabus approved by the court.]

ERROR to mayor's court.

**Marriott & Freshwater,** for plaintiff in error:

**E. S. Owen,** for defendant in error:

DONAHUE, J.

This proceeding in error is prosecuted to reverse the judgment of the mayor of the city of Delaware, finding the plaintiff in error guilty of a misdemeanor, and adjudging him to pay a fine.

The first contention is, that the affidavit filed with the mayor in this case is defective, and does not state a crime under the laws of Ohio.

It is contended that if the prosecution is under Sec. 6942 Rev. Stat., that the affidavit should state the dates from which and to which the

---

\*Affirmed, no op., *Lynch* v. *State,* 81 O. S. 489.

defendant was keeping a place where intoxicating liquors were then and there sold in violation of law.

We are of the opinion that this prosecution is under Sec. 6942 Rev. Stat., as amended, 99 O. L. 35, and as that section now reads the gravamen of the offense is keeping such a place. And if on or about the twelfth day of December, A. D. 1908, the defendant was then and there the keeper of a place where intoxicating liquors were sold, furnished or given away in violation of law, he was guilty of an offense under this section of the statute, and the affidavit is sufficient.

It is further contended that the mere showing of one unlawful sale is not sufficient evidence to warrant the mayor in finding the defendant guilty. We think that question has been disposed of correctly in the case of *Volk* v. *Westerville* (*Vil.*), 17 Dec. 776 (3 N. S. 241), and particularly at page 244.

It appears that the circuit court of Franklin county, in another case, unreported, of the same title, held that the proof of a single sale is sufficient, without proving a series of sales.

In the case *Belle Center* (*Vil.*) v. *Welsh*, 24 Bull. 176, it was also held by the court, to which an application was made for leave to file a petition in error, that under the section as it then read, a single sale was sufficient to warrant a conviction.

It is also contended by plaintiff in error that an attempt is made here to prosecute for a violation of the Rose local option law, and for that reason neither the affidavit nor the proof is sufficient.

It is not important what law is violated in the sale of intoxicating liquors under a charge of this character. It is sufficient for the affidavit to state the sale was unlawful, and then in the hearing of the case proof can be offered that the sales were made on Sunday, to a minor, or person in the habit of becoming intoxicated, or in territory where the sale of intoxicating liquor is prohibited, or any other reason that renders the sale unlawful. So that, when the state came to offer this evidence in this prosecution it could show that under the provision of the Rose local option law the sale of intoxicating liquors was prohibited in Delaware county.

It is contended, however, that the proofs failed to show that the sale of intoxicating liquors was prohibited in that county by reason of an election held under the provisions of the Rose local option law. And looking to the evidence offered by the state it would seem as if there were a defect in that behalf. True, it is provided in the Rose local option law that a copy certified by the clerk of the court of com-

mon pleas showing the result of such election, provided such a result shows a majority of votes against the sale of intoxicating liquor as a beverage, shall be sufficient evidence to make a *prima facie* case; but we take it that this is not exclusive, and that any other competent evidence may be offered.

In this whole record, the question of whether or not the sale of intoxicating liquors was prohibited in Delaware county under the provisions of this act does not seem to be mooted. True, the plea of not guilty puts in issue every material allegation of the affidavit, but in the trial of this case questions were asked by counsel for the state, as well as by counsel for the defendant, indicating that the sale of intoxicating liquor as a beverage was at the time of the alleged offense prohibited and unlawful, and, in fact, some of the answers fixed the exact date when the provisions of that law came into operation in that county.

It is true that some of this evidence would have been incompetent had objections been made thereto; but no such objection was made, and, therefore, the admission was not prejudicial error. And particularly is this true in the evidence of the defendant himself. He testifies that he has sold no whiskey to anybody since the local option law went into effect in Delaware, and on page 14 of the bill of exceptions it appears, from his evidence, that local option went into effect in that county the last of October or the first of November of that year. So that we think the evidence was sufficient for the mayor to find that the sale of intoxicating liquors in Delaware county was, at the time charged in this affidavit, prohibited and unlawful, and that this sale, if he found such a sale had been made, was an unlawful sale, and that the defendant by reason thereof was guilty as charged in the affidavit.

Some objection is made to the testimony of the chief of police, and particularly to that portion where he undertakes to tell what officer Vining told him; but it appears that what the officer said to him was not repeated by the chief of police, but that he merely says that the officer told him where he got it, but he does not say what the officer told him, or from whom the officer said he received the half pint of whiskey that was offered in evidence. We think there was no error in the admission of that evidence, or in the refusal of the court to strike it out. Finding no error apparent in the record of this case prejudicial to plaintiff in error, the judgment of the mayor is affirmed, with costs. The cause is remanded for execution. Exceptions of plaintiff in error are noted.

**Taggart** and **Shields, JJ.,** concur.